UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANK CANGELOSI,

        Plaintiff,

-against-

GABRIEL BROS INC., d/b/a GABRIEL & CO., JACK GABRIEL and DOMINICK GABRIEL,

        Defendants.

Index No.: 1:15-CV-03736-JMF

---

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

---

Michael S. Mosscrop, Esq.
**FRANKLIN, GRINGER & COHEN, P.C.**
*Attorneys for Defendants*
666 Old Country Road, Suite 202
Garden City, New York 11530
(516) 228-3131
(516) 228-3131 (facsimile)
mmosscrop@franklingringer.com

## Table of Contents

|  |  |  | Page |
|---|---|---|---|
| I. | PRELIMINARY STATEMENT | | 1 |
| | A. | Procedural Background | 1 |
| | B. | Basis for Motion to Dismiss | 2 |
| II. | FACTS ALLEGED IN THE COMPLAINT | | 3 |
| III. | ARGUMENT | | 4 |
| | A. | Motion to Dismiss Standard | 4 |
| | B. | Plaintiff is an outside salesperson exempt from the minimum wage and overtime provisions of the FLSA. Therefore, Plaintiff's First and Seventh Causes of Action should be dismissed | 5 |
| | C. | Plaintiff is an outside salesperson exempt from the minimum wage and overtime provisions of the Labor Law. Therefore, Plaintiff's Second and Eighth Causes of Action should be dismissed | 8 |
| | D. | Plaintiff's Seventh and Eighth Causes of Action should also be dismissed because Plaintiff has failed to sufficiently allege facts which would raise a plausible inference of an FLSA and Labor Law overtime violation | 9 |
| | E. | Plaintiff alleges that there were two separate commission agreements between Plaintiff and Defendant Gabriel. Therefore, Plaintiff's Sixth Cause of Action should be dismissed | 12 |
| | F. | This Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims under the Labor Law | 14 |
| IV. | CONCLUSION | | 14 |

## Table of Authorities

**Cases**                                                                                           Page(s)

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)...................................................................... 4

*Bustillos v. Academy Bus, LLC*, 2014 WL 116012 (S.D.N.Y. 2014)........................... 11

*CIH Intern. Holdings, LLC v BT United States, LLC*, 821 F.Supp2d 604, 615 (S.D.N.Y. 2011).................................................................................................................. 13

*Cohen v Elephant Wireless, Inc.*, 03 CIV. 4058 (CBM), 2004 WL 1872421 (S.D.N.Y. 2004).................................................................................................................. 13

*DeJesus v. HF Mgmt. Servs.*, 726 F.3d 85 (2d Cir. 2013)............................................ 10-11

*Desilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 770 F.Supp.2d 497, 506 (E.D.N.Y. 2011).................................................................................................................. 5

*Fasolino Foods Co. v. Banca Nazionale del Lavoro*, 961 F.2d 1052, 1056 (2d Cir.1992)............................................................................................................................ 13

*Gisomme v. HealthEx Corp.*, 2014 WL 2041824 (E.D.N.Y. 2014)............................... 11

*James v. Countrywide Fin. Corp.*, 849 F.Supp2d 296 (E.D.N.Y. 2012)...................... 12

*Lundy v. Catholic Health Sys. Of Long Island, Inc.*, 711 F.3d 106 (2d Cir 2013)........ 10, 11

*Marcus v. AXA Advisors, LLC*, 2015 WL 1508308 (E.D.N.Y. 2015)......................... 9

*Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192 (2d Cir. 2013)..... 10, 11

*Ramos v. City of New York Fire Dept.*, 2014 WL 2111687 (S.D.N.Y. 2014).............. 12

*Reiseck v Universal Communications of Miami, Inc.*, 591 F.3d 101, 107 (2d Cir 2010)................................................................................................................................ 6

*Spiteri v. Russo*, 2013 WL 4806960 (E.D.N.Y. 2013)................................................... 11, 12

*Travelers Intern., A.G., v. Trans World Airlines*, 41 F.3d 1570, 1575 (S.D.N.Y. 1994)................................................................................................................................ 13

**Statutes**

29 U.S.C. §201.................................................................................................................. 1

29 U.S.C. §206.................................................................................................................. 5

| | |
|---|---|
| 29 U.S.C. §207............................................................................................ | 5 |
| 29 U.S.C. §213............................................................................................ | 2, 5 |
| 28 U.S.C. §1367.......................................................................................... | 14 |
| 28 U.S.C. §1441.......................................................................................... | 1 |
| 28 U.S.C. §1446.......................................................................................... | 1 |
| 29 C.F.R. §541.500..................................................................................... | 5-8 |
| 29 C.F.R §541.502...................................................................................... | 6 |
| Federal Rules of Civil Procedure 12(b)(6)................................................. | 2, 4 |
| Labor Law §650.......................................................................................... | 1, 8 |
| Labor Law §651.......................................................................................... | 2, 8 |
| 22 N.Y.C.R.R. 142-2.2................................................................................ | 9 |
| 22 N.Y.C.R.R. §142.-3.12........................................................................... | 8 |

I.  **PRELIMINARY STATEMENT**

   A.  **Procedural Background**

On April 30, 2015, Plaintiff Frank Cangelosi ("Plaintiff") filed a Complaint (the "Complaint") in the Supreme Court of the State of New York, County of New York alleging that, *inter alia*, Defendants Gabriel Bros Inc., d/b/a Gabriel & Co., Jack Gabriel and Dominick Gabriel ("Gabriel" or "Defendants") engaged in improper practices in violation of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* (the "FLSA") and the New York State Labor Law §650, *et seq.* (the "Labor Law") by it failing to pay commissions allegedly owed to Plaintiff. Exhibit A. Plaintiff never asserted or alluded to any allegations or claims that he was entitled to overtime.

On May 14, 2015 defendants removed this matter to this Court in light of the federal question posed by Plaintiff's FLSA cause of action and pursuant to 28 U.S.C. §§ 1441 (a) and (c) and 1446 (a) and (b). Exhibit B.

On June 2, 2015 Defendants made a motion to dismiss the following causes of action of the Complaint:

   First Cause of Action - Breach of the Minimum Wage Provisions of the FLSA;

   Second Cause of Action - Breach of the Minimum Wage Provisions of the Labor Law;

   Sixth Cause of Action - Breach of the Covenant of Good Faith and Fair Dealing;

   Seventh Cause of Action - *Quantum Meruit;* and

   Eighth Cause of Action - Unjust Enrichment.

On June 3, 2015 this Honorable Court issued as Order with respect to Defendants' motion to dismiss and ordered that Plaintiff, if he so desired, was to amend his Complaint on or before June 23, 2014. Exhibit C.

On June 22, 2015 Plaintiff filed an Amended Complaint. Plaintiff's Amended Complaint

1

removed causes of action alleging unjust enrichment and *quantum meruit*, but added new causes of action for alleged violations of the overtime provisions of the FLSA and Labor Law (Seventh and Eighth Causes of Action of the Amended Complaint, Exhibit D).

This motion to dismiss the Amended Complaint ensues. According to this Court's Order (Exhibit C), Defendant's prior motion to dismiss is moot. Defendants now move to dismiss the following causes of action of the Amended Complaint:

First Cause of Action - Breach of the Minimum Wage Provisions of the FLSA;

Second Cause of Action - Breach of the Minimum Wage Provisions of the Labor Law;

Sixth Cause of Action - Breach of the Covenant of Good Faith and Fair Dealing;

Seventh Cause of Action – Breach of the Overtime Provisions of the FLSA; and

Eighth Cause of Action – Breach of the Overtime Provisions of the Labor Law.

**B.     Basis for Motion to Dismiss**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Defendants are now moving to dismiss the First, Second, Seventh and Eighth Causes of Action of Plaintiff's Amended Complaint. Exhibit D, ¶¶61-78, 108-119. As per Plaintiff's own allegations in his Amended Complaint, it is admitted that Plaintiff is an outside salesperson who regularly and customarily performed sales at Defendant Gabriel's customer's places of business. Outside salespersons are exempt from the minimum wage and overtime provisions of the FLSA and Labor Law. 29 U.S.C. §213(a)(1); and Labor Law §651(5)(d). Further, Plaintiff has utterly failed to sufficiently plead the Seventh and Eighth Causes of Action pursuant to recent case law.

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants are also moving to dismiss the Sixth Cause of Action of Plaintiff's Amended Complaint since that claim is quasi contractual and duplicative of Plaintiff's breach of contract claim (Fifth Cause of Action). Exhibit D, ¶¶104-107.

Accordingly, the First, Second, Sixth, Seventh and Eighth Causes of Action of Plaintiff's

2

Complaint should be dismissed in their entirety.

## II. FACTS ALLEGED IN THE AMENDED COMPLAINT[1]

Defendant Gabriel "is in the business of selling jewelry across the United States to retailers." Exhibit D, ¶7. Defendant Gabriel's principal office and headquarters is located at 545 West 45th Street, 3rd Floor, New York, New York. See Summons, Exhibit A.

Plaintiff alleges that from June 30, 2009 until February 21, 2014 Defendant Gabriel employed Plaintiff "as a commissioned salesperson." Exhibit D, ¶11.

Plaintiff further alleges that his "employment arrangement was governed by two separate commission agreements." Exhibit D, ¶12. Plaintiff failed to annex the commission agreements to his Complaint or Amended Complaint.

Plaintiff, who was and is a Pennsylvania resident, did not work in New York or out of Gabriel's office in New York City, where Gabriel is headquartered. Exhibit D, generally. In fact, Plaintiff was customarily and regularly engaged away from Gabriel's place of business in New York City and sold jewelry at Gabriel's customers' places of business and at various other locations outside of New York. As per the allegations in Plaintiffs' own Amended Complaint, "[t]he exclusive territory that Defendants assigned to Plaintiff was eastern Pennsylvania, Delaware, and Baltimore." Exhibit D, ¶26.

Plaintiff asserts that he was not paid commissions for certain sales he alleges he made on behalf of Gabriel and that he worked "at least" or "approximately" 55 hours per week during his

---

[1] The facts and allegations set forth in Plaintiff's Amended Complaint are deemed true solely for the purposes of Defendants' motion to dismiss. Defendants citation to and/or reliance on the allegations set forth in Plaintiff's Amended Complaint should not be deemed an admission by Defendants of those allegations, and Defendants generally deny the truth of the allegations set forth in Plaintiff's Amended Complaint. For example, Defendants contend that Plaintiff is an independent contractor, not an employee, and such independent contractor relationship is delineated in the two commissioned salesperson agreements that Plaintiff purposely omitted from his Complaint and Amended Complaint.

3

time with Gabriel. Exhibit D, generally. On those bases, Plaintiff's First, Second, Seventh and Eighth Causes of Action allege that Defendants violated the minimum wage and overtime laws of the FLSA and Labor Law. As set forth below, because Plaintiff is admittedly an outside salesperson, Plaintiff is exempt from the minimum wage and overtime provisions of the FLSA and Labor Law, and the First, Second, Seventh and Eighth Causes of action should be dismissed. The Seventh and Eighth Causes of Action should also be dismissed since the Plaintiff has failed to sufficiently allege facts in his Amended Complaint that would raise a plausible inference of an overtime violation of the FLSA and Labor Law.

Even though Plaintiff also asserts a breach of contract cause of action (Fifth Cause of Action) based upon the two salesperson commission agreements executed by the Plaintiff and Defendant Gabriel, he also asserts a cause of action for breach of the covenant of good faith and fair dealing (Sixth Cause of Action). As set forth below, this cause of action is quasi contractual and duplicative of the breach of contract cause of action, and should be dismissed as a result of same.

### III.   ARGUMENT

#### A.   Motion to Dismiss Standard

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must therefore contain more than "'naked assertions' devoid of 'further factual enhancement.'" *Id.* Moreover, while a court reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss must generally deem all allegations of fact in a complaint to be true, this "tenet . . . is inapplicable to legal conclusions." *Id.* (explaining that courts "are not bound to accept as true a legal conclusion

4

couched as a factual allegation"). A complaint has facial plausibility only if it pleads a "set of facts sufficient to 'raise a right to relief above the speculative level.'" *Desilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 770 F.Supp.2d 497, 506 (E.D.N.Y. 2011).

### B.  Plaintiff is an outside salesperson exempt from the minimum wage and overtime provisions of the FLSA. Therefore, Plaintiff's First and Seventh Causes of Action should be dismissed.

Plaintiff's First Cause of Action alleges that Defendants violated the minimum wage provisions of the FLSA, which are set forth at 29 U.S.C. §206. Exhibit D, ¶¶61-69. Plaintiff's Seventh Cause of Action alleges that Defendants violated the overtime provisions of the FLSA, which are set forth at 29 U.S.C. §207[2]. Exhibit D, ¶¶108-113. However, because Plaintiff is admittedly an outside salesperson as per his own allegations in his Amended Complaint, he is exempt from the minimum wage and overtime provisions of the FLSA, and the First and Seventh Causes of Action should be dismissed.

The exemptions to the minimum wage and overtime requirements of the FLSA are set forth in 29 U.S.C. §213. Specifically, 29 U.S.C. §213(a)(1) sets forth that the minimum wage and overtime provisions of the FLSA shall not apply:

> [T]o any employee employed in a bona fide executive, administrative, or professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools), *or in the capacity of outside salesman*. Emphasis added.

29 U.S.C. §213(a)(1).

29 C.F.R. §541.500 defines "outside salesman" as follows:

(a) The term "employee employed in the capacity of outside salesman" in section 13(a)(1) of the Act shall mean any employee:

(1) Whose primary duty is:

---

[2] It should be noted again that Plaintiff did not allege in his original Complaint a cause of action alleging failure to pay overtime in violation of the FLSA and has only since added this claim in his Amended Complaint and in response to Defendants' original motion to dismiss.

5

(i) making sales within the meaning of section 3(k) of the Act, or

(ii) obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer; and

(2) Who is customarily and regularly engaged away from the employer's place or places of business in performing such primary duty.

An "employee making specific sales to individual customers is a salesperson for the purposes of the FLSA." *Reiseck v Universal Communications of Miami, Inc.*, 591 F.3d 101, 107 (2d Cir. 2010).

An "employer's place of business" is defined as "any fixed site, whether home or office, used by a salesperson as a headquarters or for telephonic solicitation of sales." 29 C.F.R §541.502. "The outside sales employee is an employee *who makes sales at the customer's place of business* or, if selling door-to-door, at the customer's home." 29 C.F.R. §541.502. Emphasis added.

Work that is "performed incidental to and in conjunction with the employee's own outside sales or solicitations, including deliveries and collections, shall be regarded as exempt outsides sales work." 29 C.F.R. §541.500(b). Other examples of exempt outsides sales work that is considered to be incidental to the outside salesperson's efforts are "writing sales reports, updating or revising the employee's sales or display catalogue, planning itineraries and attending sales conferences." 29 CFR §541.500(b).

Accepting each and every one of Plaintiff's allegations as true, Plaintiff cannot dispute that he is an "outside salesman" as defined above. Plaintiff's sole duty with respect to Gabriel was to sell Gabriel jewelry at the customer's place of business in the areas of eastern Pennsylvania, Delaware, and Baltimore, far from Defendants' offices and headquarters in New York City. Exhibit D, ¶26. Plaintiff was "prohibited from selling [Defendants'] products anywhere" other than these territories. Exhibit D, ¶25. In fact, Plaintiff's "commissioned

6

salesperson agreement expressly provides that Plaintiff would not earn any commissions if he made sales outside of his assigned territory." Exhibit D, ¶25. Plaintiff, a Pennsylvania resident, did not make sales out of Defendant Gabriel's New York City office or his own office, but was in fact making sales at the stores of Gabriel's customers. Exhibit D, generally. Plaintiff only visited Defendant Gabriel's New York office a few times a year for certain sales training and/or meetings. Exhibit D, generally. Plaintiff did not make any sales out of Defendant's office or his home office. Exhibit D, generally.

Plaintiff alleges in his Amended Complaint that 50% of his activities incidental to his sales duties (not making the actual sales) were performed at his home office.[3] However, this does not avoid the outside sales exemption of the FLSA. As per the Plaintiff's own allegations, these activities were solely incidental to him making outside sales and are, under the Code of Federal Regulations, still considered to be exempt outside sales work as a matter of law. Plaintiff alleges that his "home office was used *not so much to further Plaintiff's sale efforts*, but rather to comply with Defendants' record keeping and other requirements." Exhibit D, ¶27. Emphasis added. By this allegation alone, Plaintiff admits that any work he may have done at his home office was not related to him actually making sales, but was work that he did in conjunction with or incidental to making outside sales. Therefore, and as per 29 CFR §541.500(b), the activities alleged to have been performed by Plaintiff at his home office were all exempt outside sales work.

Plaintiff provides specific examples of the activities he alleges were performed in his home office, such as keeping files (Exhibit D, ¶28), attending a sales webinar 2 times per month (Exhibit D, ¶29), completing sales reports (Exhibit D, ¶30), planning and submitting itineraries

---

[3] It should be noted that nowhere in the original Complaint did Plaintiff ever allude to working out of a home office, and that the allegations in the Amended Complaint with respect to Plaintiff's home office are in response to Defendants' original motion to dismiss Plaintiff's Complaint pursuant to the outside salesperson exemption.

7

(Exhibit D, ¶31), making travel plans to visit customers at *their* places of business (Exhibit D, ¶32), scheduling appointments with customers to meet the customer's at *their* places of business (Exhibit D, ¶33), and fill out other sales related forms concerning sales made by Plaintiff (Exhibit D, ¶35). Under 29 CFR §541.500(b), these activities are regarded as exempt outside sales work.

Therefore, Plaintiff's First and Seventh Causes of Action should be dismissed.

### C. Plaintiff is an outside salesperson exempt from the minimum wage and overtime provisions of the Labor Law. Therefore, Plaintiff's Second and Eighth Causes of Action should be dismissed.

Plaintiff's Second Cause of Action alleges that Defendants violated the minimum wage provisions of the New York State Labor Law, which are set forth at Labor Law §650, *et seq.* Exhibit D, ¶¶70-78. Plaintiff's Eighth Causes of Action alleges that Defendants violated the overtime provisions of the Labor Law, also set forth at Labor Law §650, *et seq.* Exhibit D, ¶¶114-119. Similarly to the FLSA, the minimum wage and overtime provisions of the Labor Law do not apply to "outside salespeople." Labor Law §651(5)(d). Since Plaintiff is admittedly an outside salesperson, he is exempt from the Labor Law's minimum wage and overtime provisions, and the Second and Eighth Causes of Action should be dismissed.

22 N.Y.C.R.R. §142.-3.12(c)(3) defines "outsides salesperson" as follows:

(3) Outside salesperson. The term outside salesperson means an individual who is customarily and predominantly engaged away from the premises of the employer and not at any fixed site and location for the purpose of:

(i) making sales;

(ii) selling and delivering articles or goods; or

(iii) obtaining orders or contracts for service or for the use of facilities.

As set forth in detail above (see *supra*, Section B, pp. 5-8), and deeming Plaintiff's own allegations as true, he was a commissioned salesperson that was only permitted to sell jewelry at

8

the customer's place of business in the areas of eastern Pennsylvania, Delaware, and Baltimore. He did not work at any fixed site or location, nor did he work out of the Gabriel's New York City headquarters. Exhibit D, generally. Plaintiff does allege he performed tasks at his home office, but those tasks were incidental to him making outside sales at Defendant Gabriel's customer's places of business. As per Plaintiff's own allegation, his "home office was used *not so much to further Plaintiff's sale efforts*, but rather to comply with Defendants' record keeping and other requirements." Exhibit D, ¶27.

Further, it is clear in the Second Circuit that the Courts evaluate overtime and minimum wage claims brought under New York State's Labor Law the same way they would evaluate those same claims brought under the FLSA. *Marcus v. AXA Advisors, LLC*, 2015 WL 1508308, at *9 (E.D.N.Y. 2015). Specifically with respect to Labor Law overtime claims, 22 N.Y.C.R.R. 142-2.2 states that the Labor Law overtime requirements are subject to the FLSA exemptions. Therefore, because it is clear that the overtime and minimum wage claims brought by Plaintiff under the FLSA should be dismissed since Plaintiff is admittedly an exempt outside salesperson, those claims brought under the Labor Law should also be dismissed for the same reasons and based upon the same admissions by Plaintiff in his Amended Complaint.

Therefore, Plaintiff's Second and Eighth Causes of Action should be dismissed.

D. **Plaintiff's Seventh and Eighth Causes of Action should also be dismissed because Plaintiff has failed to sufficiently allege facts which would raise a plausible inference of an FLSA and Labor Law overtime violation.**

In the original Complaint (Exhibit A), Plaintiff fails to make any claim whatsoever that he was entitled to overtime under the FLSA and Labor Law. Miraculously, but only after Defendants moved to dismiss the original Complaint, Plaintiff has conjured allegations that he worked "at least 55 hours each week" or "worked approximately 55 hours per week" while he was employed by Defendant Gabriel and is now entitled to overtime. Exhibit D, ¶¶37, 110, 116.

9

However, Plaintiff has failed to sufficiently plead the FLSA and Labor Law overtime causes of action and they should be dismissed as a result of same.

The Second Circuit issued three decisions addressing the adequacy of pleadings in actions alleging violations of, *inter alia*, the FLSA's overtime provision. In *Lundy v. Catholic Health Sys. Of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013), the court "concluded[d] that in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours. The *Lundy* court went on and explained that "[r]eviewing [p]laintiffs' allegations, as the district court thoroughly did, we find no plausible claim that FLSA was violated, because [p]laintiffs have not alleged a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours." *Id.*

In *Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192, 201 (2d Cir. 2013), the Second Circuit found that plaintiffs failed to state a plausible FLSA overtime claim because plaintiffs failed to "provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week."

In *Dejesus v. HF Mgmt. Servs.*, 726 F.3d 85, 89 (2d Cir. 2013) the Court again found that plaintiff failed to allege a plausible FLSA overtime claim because the complaint merely "tracked the statutory language of the FLSA, lifting its numbers and rehashing its formulation, but alleging no particular facts sufficient to raise a plausible inference of an FLSA overtime violation." Like the Plaintiff in this action, the plaintiff in *Dejesus* "alleged only that in 'some or all weeks' she worked more than 'forty hours' a week without being paid '1.5' times her rate of compensation." *Id.* (quoting plaintiff's complaint). The Court held that:

10

> *Lundy*'s requirement that plaintiffs must allege overtime without compensation in a given workweek was not an invitation to provide an all-purpose pleading template alleging overtime in some or all workweeks. It was designed to require plaintiffs to provide some factual context that will nudge their claim from conceivable to plausible.

*Id.* at 90.

Despite the pleading standards established in *Lundy*, *Nakahata*, and *Dejesus*, the Plaintiff in this action fails to identify a single date or workweek where he worked at least 40 hours and also worked uncompensated time in excess of 40 hours. All that Plaintiff alleges is that he "throughout his employment worked approximately 55 hour [sic] per week." Exhibit D, ¶¶110, 116. This falls *far* short of the pleading standards established by the court in *Lundy*, *Nakahata*, and *Dejesus*. An overtime case similar to the case at bar was recently dismissed for lack of specificity in which the allegations were even more specific than before the Court here. *See Gisomme v. HealthEx Corp.*, 2014 WL 2041824, at *2 (E.D.N.Y. May 15, 2014) (Wexler, J.) (dismissing plaintiffs' overtime claims because "allegation of an 'average' of 50 hours or more is insufficient to state a claim for failure to pay overtime compensation 'in a given workweek.'"); *see also Bustillos v. Academy Bus, LLC*, 2014 WL 116012, at *2-4 (S.D.N.Y. Jan. 13, 2014) (dismissing plaintiffs' complaint where they failed to identify any particular workweek in which they worked uncompensated time for more than 40 hours); *see also Spiteri v. Russo*, 2013 WL 4806960, at *56 (E.D.N.Y. Sept. 7, 2013) (same).

Moreover, Plaintiff's overtime claims cannot survive dismissal based upon his assertion that "Defendants never paid Plaintiff overtime premiums." Exhibit D, ¶¶38, 11, 117. As noted by the Court in *Nakahata*, "[t]o plead a plausible FLSA overtime claim, [p]laintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." 723 F.3d at 201. Simply put, Plaintiff has not done that, which may be the reason why the overtime claims were glaringly

11

absent from the original Complaint.

All that Plaintiff alleges is that he worked "approximately" or "at least" 55 hours per week and Defendants failed to pay Plaintiff overtime premiums. The Amended Complaint does not contain *any* facts about the nature of the overtime work allegedly performed, the dates and times when such overtime work was allegedly performed, the details regarding Plaintiff's alleged work schedule or Plaintiff's rate of pay. *See Ramos v. City of New York Fire Dept.*, 2014 WL 2111687, at *5 (S.D.N.Y. May 9, 2014) (dismissing plaintiffs' overtime claims because they failed to plead the dates of any single plaintiffs' employment or the number of hours that any single plaintiff actually or regularly worked during any single week during their employment); *see also James v. Countrywide Fin. Corp.*, 849 F. Supp. 2d 296, 321 (E.D.N.Y. 2012). As the Court in *Spiteri* recently noted, "[n]owhere in the [c]omplaint does [p]laintiff plead the hours he worked with the specificity required by the Second Circuit. Therefore, [p]laintiff has failed to plausibly allege that he was not paid for overtime hours worked." *Spiteri*, 2013 WL 4806960, at *56.

Therefore, Plaintiff' Seventh and Eighth Causes of Action should be dismissed.

### E.  Plaintiff alleges that there were two separate commission agreements between Plaintiff and Defendant Gabriel. Therefore, Plaintiff's Sixth Cause of Action should be dismissed.

Plaintiff specifically pleads in his Amended Complaint that there were two separate commission agreements entered into between Plaintiff and Defendant Gabriel upon which his Amended Complaint is based. Exhibit D, ¶¶12-23. "While working for Defendants, Plaintiff's employment arrangement was governed by two separate commission agreements." Exhibit D, ¶12. "Defendants purposely withheld over $22,000 in sales commissions that Plaintiff had earned in accordance with his commissioned salesperson contract." Exhibit D, ¶2.

Because Plaintiff is alleging there were two express contracts that governed the

12

relationship between Plaintiff and Defendant Gabriel, then Plaintiff's quasi contractual and duplicative cause of action for breach of the covenant of good faith and fair dealing (Sixth Cause of Action) should be dismissed since no such claims can possibly exist.

In New York, "every contract includes an implied covenant of good faith and fair dealing." *Travelers Intern., A.G., v. Trans World Airlines,* 41 F.3d 1570, 1575 (S.D.N.Y. 1994). The covenant of good faith and fair dealing "cannot be used to create new contractual rights between the parties." *Cohen v Elephant Wireless, Inc.*, 03 CIV. 4058 (CBM), 2004 WL 1872421 at *11 (S.D.N.Y. 2004). Since a breach of the covenant of good faith and fair dealing is essentially a breach of the underlying contract, causes of action for breach of contract and for breach of the convent of good faith and fair dealing are duplicative. *Id.* See also, *Fasolino Foods Co. v. Banca Nazionale del Lavoro,* 961 F.2d 1052, 1056 (2d Cir.1992) (held, "as a general rule, the cause of action alleging breach of the implied covenant is duplicative of a cause of action alleging breach of contract").

"A claim for breach of the duty of good faith and fair dealing, however, does not provide a cause of action separate from a breach of contract claim." *CIH Intern. Holdings, LLC v BT United States, LLC*, 821 F.Supp.2d 604, 615 (S.D.N.Y. 2011). Therefore, "[a] claim for breach of the implied covenant will be dismissed as redundant where the conduct allegedly violating the implied covenant is also the predicate for breach of covenant of an express provision of the underlying contract." *Id.* In *CIH Intern Holdings*, this Court dismissed the plaintiff's cause of action for breach of the duty of good faith and fair dealing since the plaintiff's "claim for implied breach cannot be premised on the same set of facts as a claim for express breach." *Id.*

Plaintiff's Sixth Cause of Action is duplicative of his breach of contract cause of action and solely based upon the two commission agreements alleged by Plaintiff to have governed his relationship with Defendant Gabriel. Since the Sixth Cause of Action is based upon the same set

13

of facts of the Fifth Cause of Action for breach of contract, the Sixth Cause of Action should be dismissed.

### F. This Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims under the Labor Law.

Pursuant to 28 U.S.C. § 1367(c)(3), the Court "may decline to exercise supplemental jurisdiction" over state law claims when the Court "has dismissed all claims over which it has original jurisdiction." This Court should decline to exercise supplemental jurisdiction over any remaining state claims because Plaintiff's federal and minimum wage claims under the FLSA, as discussed above, warrant dismissal.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss the First, Second, Sixth, Seventh and Eighth Causes of Action of the Complaint, along with such other and further relief as the court deems just and proper.

Date: Garden City, New York
June 25, 2015

Respectfully submitted,

/s/_____
Michael S. Mosscrop, Esq.
**FRANKLIN, GRINGER & COHEN, P.C.**
*Attorneys for Defendants*
666 Old Country Road, Suite 202
Garden City, New York 11530
(516) 228-3131
(516) 228-3136 (facsimile)
mmosscrop@franklingringer.com

To:  Eli Z. Freedberg, Esq.
**LAW OFFICES OF ELI FREEDBERG, P.C.**
*Attorneys for Plaintiff*
370 Lexington Avenue, Ste. 2103
New York, NY 10017
(347) 651-0044

15