USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/15/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
FRANK CANGELOSI, :
:
                      Plaintiff, :    15-CV-3736 (JMF)
:
      -v- :    MEMORANDUM OPINION
:          AND ORDER
GABRIEL BROS., INC., d/b/a GABRIEL & CO., et al., :
:
                      Defendants. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      In this case, Plaintiff Frank Cangelosi brings claims against his former employers, Gabriel Bros., Inc., Jack Gabriel, and Dominick Gabriel, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York State Labor Law ("NYLL"), N.Y. Lab. Law §§ 650 *et seq.*, and New York common law. Defendants now move to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing — among other things — that Plaintiff was exempt from FLSA and NYLL protections as an outside salesperson. Based on the allegations in Plaintiff's Amended Complaint, the Court agrees and therefore dismisses Plaintiff's claims under the FLSA and the NYLL. In addition, the Court declines to exercise supplemental jurisdiction over the remainder of Plaintiff's state-law claims. Accordingly, and for the reasons stated below, the Amended Complaint must be and is dismissed.

      The relevant facts, taken from the Amended Complaint and assumed to be true, *see Karmely v. Wertheimer*, 737 F.3d 197, 199 (2d Cir. 2013), can be summarized briefly. Defendants own and operate a wholesale jewelry business, headquartered in New York City, under the name Gabriel & Co. (Am. Compl. (Docket No. 13) ¶¶ 5, 7-9). Plaintiff, a resident of

Pennsylvania, worked for Defendants as a commissioned salesman from June 30, 2009, until February 21, 2014, and was assigned an "exclusive territory" that included eastern Pennsylvania, Delaware, and Baltimore. (*Id.* ¶¶ 2, 11, 15, 25, 26). Aside from making sales to businesses in that territory, Plaintiff's job requirements included completing trainings (*id*. ¶¶ 39, 26), attending trade shows and meetings (*id*. ¶¶ 42, 44, 45, 49-51), submitting reports and other paperwork following sales visits (*id*. ¶¶ 30, 35, 40), and making appointments and travel itineraries (*id.* ¶¶ 31-33). He spent approximately half of his time working from an office in his home. (*Id.* ¶ 36). He alleges that Defendants violated the FLSA and the NYLL by failing to pay him minimum wage and overtime and that they breached the parties' contracts. (*See id.*).[1]

As noted, Defendants move to dismiss. In evaluating a motion to dismiss, the Court must accept all facts set forth in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008). A claim will survive a Rule 12(b)(6) motion, however, only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). A plaintiff must show "more than a sheer possibility that a defendant acted unlawfully," *id.*, and cannot rely on mere "labels and conclusions" to support a claim, *Twombly*, 550 U.S. at 555. If the plaintiff's pleadings "have not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

---

[1] Although the Amended Complaint also includes a claim for breach of the covenant of good faith and fair dealing (Am. Compl. ¶¶ 104-07), Plaintiff has withdrawn that claim. (Pl.'s Mem. Law. (Docket No. 15) ("Pl.'s Mem.") 1 n. 2). Accordingly, it is dismissed.

In this case, Defendants' motion to dismiss Plaintiff's claims under the FLSA and the NYLL turns on application of the "outside salesman" exemptions to those statutes. *See* 29 U.S.C. § 213(a)(1); 12 N.Y.C.R.R. § 142-2.3.12(c)(13); *see also, e.g.*, *Gorey v. Manheim Servs. Corp.*, 788 F. Supp. 2d 200, 205 (S.D.N.Y. 2011) ("New York law governing overtime pay is defined and applied in the same manner as the FLSA."); *Gold v. N.Y. Life Ins. Co.*, No. 09-CV-3210 (WHP), 2011 WL 2421281, at *3 (S.D.N.Y. May 19, 2011) (stating that the NYLL is "defined and applied in the same manner" as the FLSA and applying the federal definition of "outside salesmen" to the NYLL). To the extent relevant here, "outside salesman" is defined by federal regulation to mean "any employee" (1) whose "primary duty is . . . making sales" and (2) "[w]ho is customarily and regularly engaged away from the employer's place or places of business in performing such primary duty." 29 C.F.R. § 541.500(a). "Primary duty," as used in the first prong of the test, is defined as "the principal, main, major or most important duty that the employee performs" and is to be determined "based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole." *Id*. § 541.700(a). Further, work "performed incidental to and in conjunction with the employee's own outside sales" or "that furthers the employee's sales efforts" — "including, for example, writing sales reports, updating or revising the employee's sales or display catalogue, planning itineraries and attending sales conferences" — is exempt outside sales work. *Id*. § 541.500(b). The phrase "customarily and regularly," as used in the second prong of the test, "means a frequency that must be greater than occasional but which, of course, may be less than constant." *Id*. § 541.701.

Applying those definitions here, and taking the allegations in the Amended Complaint as true, Plaintiff qualifies as an exempt outside salesperson under the FLSA and the NYLL. As alleged in the Amended Complaint, Plaintiff's primary duty was indisputably selling Defendants'

3

jewelry and he was customarily and regularly engaged in that duty away from Defendant's places of business, as he spent significant time (indeed, potentially up to fifty percent of his time) conducting sales to customers at their places of business. (Am. Compl. ¶¶ 25-36). In arguing otherwise, Plaintiff notes that the Amended Complaint "alleges that he spent more than 50% of his time working out of his fixed home office" on tasks other than making sales. (Pl.'s Mem. 9; *see also* Am. Compl. ¶¶ 29-54). It is true that Plaintiff's home office qualified as Defendants' "place of business" for purposes of the "outside salesman" test. *See* 29 C.F.R. § 541.502. But the "other" tasks that Plaintiff performed all related to selling Defendant's jewelry while traveling to customers' places of business, and the vast majority of those tasks were plainly "performed incidental to and in conjunction with" Plaintiff's sales efforts and thus qualified as exempt outside sales work as well. 29 C.F.R. § 541.500(b). (In fact, many of the tasks that Plaintiff alleges that he regularly performed — such as planning itineraries (Am. Compl. ¶¶ 31-33), attending conferences (*id*. ¶¶ 50, 51), and completing reports (*id*. ¶¶ 30, 40) — are explicitly listed in the applicable regulations as examples of exempt outside sales work. *See* 29 C.F.R. § 541.500(b).) Moreover, however much time Plaintiff spent working from his home office, the Amended Complaint makes plain — and there is no dispute — that he conducted sales at customers' places of business with "a frequency . . . greater than occasional," *id.* § 541.701, which is to say that he was "customarily and regularly engaged away from" Defendants' places of business in performing his primary duty of selling jewelry, *id.* § 541.500(a); *cf. Lint v. Nw. Mut. Life Ins. Co.*, No. 09CV1373 DMS (RBB), 2010 WL 4809604, at *3 (S.D. Cal. Nov. 19, 2010) (holding that an employee who spent ten to twenty percent of his time engaged in outside sales work qualified as an "outside salesman" under the exemption).

To be sure, the "outside salesman" exemption is an affirmative defense, and Defendants thus bear the burden of proving it applies. *See, e.g.*, *Chen v. Major League Baseball Props., Inc.*, 798 F.3d 72, 81-82 (2d Cir. 2015). But as Plaintiff concedes (Pl.'s Mem. at 7), an affirmative defense "may be raised in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Chen*, 798 F.3d at 81 (internal quotation marks omitted). That is the case here, as Plaintiff's own allegations in the Amended Complaint "plainly and unmistakably" establish that he qualified as an exempt outside salesperson under both the FLSA and the NYLL. *Id.* at 82. It follows that his claims under those statutes must be and are dismissed.

In light of the dismissal of Plaintiff's only federal claims, the Court must decide whether to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims pursuant to Title 28, United States Code, Section 1367. The "values of judicial economy, convenience, fairness, and comity" that the Court must consider in deciding whether to exercise supplemental jurisdiction counsel in favor of doing so with respect to Plaintiff's claims under the NYLL, as they are subject to the same analysis as his claims under the FLSA and can be dismissed on that basis. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). But those values do not call for retaining jurisdiction over Plaintiff's other state-law claims (to the extent he has not withdrawn them). *See, e.g.*, *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (noting that, as a general rule, "when the federal claims are dismissed the 'state claims should be dismissed as well'" (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966))); *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994) (recognizing that if the plaintiff's federal claims are dismissed before trial and there has not been a substantial expenditure of resources on the state claims, state claims should generally be dismissed as well).

For the reasons stated above, Defendants' motion to dismiss is GRANTED, and the Amended Complaint is dismissed in its entirety. Plaintiff's claims under the FLSA and the NYLL (as well as his withdrawn claim for breach of the covenant of good faith and fair dealing) are dismissed with prejudice. Plaintiff's remaining state-law claims are "dismissed without prejudice and left for resolution to state tribunals." *Gibbs*, 383 U.S. at 726-27. The Clerk of Court is directed to terminate Docket No. 11 and to close the case.

SO ORDERED.

Date: October 15, 2015
New York, New York

JESSE M. FURMAN
United States District Judge